**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1756-17T3

U.S. BANK, N.A., Successor
Trustee to Bank of America,
N.A., Successor by merger to
LaSalle Bank N.A., as Trustee,
for WaMu Mortgage Pass-Through
Certificates, Series 2007-HY2,

    Plaintiffs-Respondents,

v.

MICHAEL R. BELLO,

    Defendant-Appellant.

_____

Submitted November 8, 2018 – Decided February 7, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-013137-15.

Ira J. Metrick, attorney for appellant.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Richard J. Nalbandian, III, on the brief).

PER CURIAM

In this foreclosure action, defendant Michael Bello appeals from the Chancery Division's orders granting plaintiff U.S. Bank, NA (U.S. Bank) summary judgment and denying both defendant's motions to reconsider.

Defendant contends plaintiff's motion for summary judgment should have been denied because of numerous standing issues: insufficient evidence that plaintiff was the holder of the properly endorsed note at the time the foreclosure complaint was filed; the assignment of mortgage could not be used to establish plaintiff's standing; the certification supporting the motion for summary judgment was not based on personal knowledge; plaintiff did not establish it was entitled to enforce the note under N.J.S.A. 12A:3-301; the mortgage was not properly transferred into the trust pool; plaintiff failed to establish a valid chain of title by establishing each transfer; the complaint failed to recite all assignments of mortgage in the chain as required by Rule 4:64-1(b)(10). We are unpersuaded by any of these arguments and affirm substantially for the reasons set forth in Judge Robert P. Contillo's written decisions.

We cull the following facts from Judge Contillo's findings which cited to sources in the record. In March 2006, defendant executed an adjustable rate note for $2,500,000 to Washington Mutual Bank, F.A. (WaMu) and granted the

bank a first mortgage on a property in Alpine that was recorded on March 23, 2006. The note and mortgage were transferred in February 2007 to LaSalle Bank, NA (LaSalle) as trustee for WaMu Pass-Through Certificates Series 2007-HY2 Trust (HY2 Trust). JPMorgan Chase Bank, NA, (JPMorgan) purchased the loans and assets of Washington Mutual Bank (Washington Mutual), formerly known as WaMu, from the Federal Deposit Insurance Corporation (FDIC) – which was acting as the receiver for the failed Washington Mutual – in September 2008. In May 2010, JPMorgan assigned defendant's mortgage to Bank of America, NA (BOA), successor by merger to LaSalle, as trustee for the HY2 Trust. The assignment was recorded on May 24, 2010. U.S. Bank acquired BOA's trust and administration business, which included defendant's mortgage, and succeeded BOA as trustee. Defendant failed to make his monthly mortgage payments and the loan entered into default on January 1, 2010. On April 13, 2015 plaintiff filed a foreclosure complaint against defendant. Judge Contillo, in granting plaintiff's motion for summary judgment, struck defendant's answer, affirmative defenses and counterclaim and forwarded the case to the Office of Foreclosure to proceed as an uncontested matter.

Summary judgment should be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is

3

entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the motion judge's decision de novo and afford his ruling no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party" in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994); accord Sun NLF Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998). The right to foreclose arises upon proof of execution, recording of a mortgage and note and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Inasmuch as defendant does not dispute that he executed the note and mortgage, or his January 2010 default, and the record supports plaintiff's standing to foreclose, summary judgment was correctly granted.

Judge Contillo rejected defendant's contention that the certification of an employee of plaintiff's servicer and agent, Select Portfolio Servicing, Inc. (SPS), was deficient because the employee did not work for plaintiff and lacked personal knowledge of how SPS obtained the loan documents from plaintiff. While we review a trial judge's evidentiary ruling for abuse of discretion, see Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008) ("In reviewing a trial court's evidential ruling, an appellate court is limited to examining the decision for abuse of discretion."), we agree with Judge Contillo that a servicing agent could authenticate a loan document such as the assignment of mortgage where, as here, the agent reviewed the business records and had personal knowledge of plaintiff's business practices.

The SPS employee certified that she was familiar with SPS's regular business practices regarding the mortgage loans it services – including maintenance of a computer database which keeps records on each loan's "acts, transactions, payments, communications, escrow account activity, disbursements, events, and analyses" – and personally reviewed the records for defendant's loan. "[D]ocuments may properly be admitted 'as business records even though they are the records of a business entity other than one of the parties, and even though the foundation for their receipt is laid by a witness who

A-1756-17T3

is not an employee of the entity that owns and prepared them.'" New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div. 2014) (quoting Hahnemann Univ. Hosp. v. Dudnick, 292 N.J. Super. 11, 17 (App. Div. 1996)).

Although the judge found the certification did not sufficiently establish that plaintiff possessed the note prior to filing the foreclosure complaint, the certification – to which the recorded assignment was attached – was evidence from which the judge could find the May 2010 assignment of mortgage to plaintiff, executed and recorded nearly five years prior to the filing of the foreclosure complaint, established plaintiff's standing. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing"). We determine defendant's argument, relying on N.J.S.A. 46:9-9 and Carnegie Bank v. Shalleck, 256 N.J. Super. 23 (App. Div. 1992), that possession of the note was a prerequisite to establishing standing, to be without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

The judge also correctly rejected defendant's challenges to the validity of the assignment. JPMorgan purchased Washington Mutual's loans and assets from the receiver, FDIC. It is not disputed that plaintiff was the successor to

A-1756-17T3

BOA, that BOA was successor in interest to LaSalle, which was the trustee of the HY2 Trust, and that defendant's WaMu mortgage was included in that trust. Thus, as Judge Contillo found, the two parties to the assignment – JPMorgan and BOA – were the successors in interest to Washington Mutual and LaSalle, respectively and, as such, had the authority to effect the assignment. Moreover, defendant, who was not a party to the assignment, lacked standing to challenge it. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010) ("[L]itigants generally have no standing to assert the rights of third parties."); see also Giles v. Phelan, Hallinan & Schmieg, LLP, 901 F. Supp. 2d 509 (D.N.J. 2012) (finding plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another); Correia v. Deutsche Bank Nat'l Tr. Co., 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) (finding debtors lacked standing to argue that assignment of their mortgage violated a pooling and servicing agreement because they were not parties to the agreement, nor third-party beneficiaries thereof). The same holds true for defendant's similar argument regarding contradictions between the assignment and the pooling servicing agreement and the Security and Exchange Commission filings.

We perceive no merit in defendant's argument that plaintiff violated Rule 4:64-1(b)(10) by not listing in the complaint additional assignments in the chain

A-1756-17T3

of title, beyond the one plaintiff recited from JPMorgan to BOA. Rule 4:64-1(b)(10) provides, "if the plaintiff is not the original mortgagee or original nominee mortgagee," the complaint shall state "the names of the original mortgagee and a recital of all assignments in the chain of title." Plaintiff's complaint recited the March 20, 2006 origination of the mortgage by WaMu and the May 7, 2010 assignment from JPMorgan to BOA, the lineage of succession from LaSalle to BOA as trustees for the HY2 Trust, JPMorgan's status as successor in interest by purchase from the FDIC and that the mortgage has remained in the trust since the execution of the assignment although the trustees, up to and including plaintiff, have changed. We do not read Rule 4:64-1(b)(10) to require trustees or successors of a trust created pursuant to a pooling and services agreement be recited in the foreclosure complaint.

We determine the balance of defendant's arguments, to the extent we have not addressed them, to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We see no abuse of discretion in the denial of the motions for reconsideration. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Defendant presents no competent evidence raising a genuine issue of material fact as to whether plaintiff is the proper party in interest to bring this

foreclosure complaint. As noted, BOA had standing to bring this foreclosure action; the complaint – filed three years ago – set forth the basis for its standing. Plaintiff's complaint tracked the mortgage history; defendant has not presented proof of other assignments. There is no evidence another entity has attempted to enforce the note or mortgage since defendant's default. Defendant does not contend he suffered prejudice as a result of any alleged defect in the pleading. Defendant has not paid his mortgage since January 2010. Final judgment was entered on October 30, 2017. Summary judgment was properly entered in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1756-17T3